Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000031
30-SEP-2016
08:50 AM

NO. CAAP-16-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BOMBEN-GLEN BALLESTEROS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DTA-15-01301)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Bomben-Glen Ballesteros (Ballesteros) by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007)[1] (Count 1); refusal to submit to a breath, blood, or urine test, in violation of HRS § 291E-68 (Supp. 2015) (Count 2); and driving without a license, in violation of HRS § 286-102 (2007 & Supp. 2014) (Count 3). The

_____

[1] HRS § 291E-61(a)(1) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

State subsequently declined to prosecute Ballesteros on Count 2, which was dismissed, Ballesteros pleaded no contest to Count 3, and the case proceeded to trial on Count 1.  After a bench trial, the District Court of the First Circuit (District Court)[2/] found Ballesteros guilty as charged of OVUII.  The District Court entered its Judgment on December 28, 2015.

On appeal, Ballesteros contends that there was insufficient evidence to support his OVUII conviction.  We disagree.

I.

We conclude that when viewed in the light most favorable to the State, there was sufficient evidence to support Ballesteros' OVUII conviction.  See State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (stating the standard of review for a sufficiency of the evidence claim).  Honolulu Police Department Officer Noel Araki (Officer Araki) testified that at about 1:40 a.m., he saw Ballesteros driving a van heading westbound on Moanalua Freeway.  According to Officer Araki, Ballesteros was having a difficult time keeping the van within its lane, was weaving, went on the right shoulder of the freeway where it appeared that he was going to hit the concrete side of the overpass, and continued weaving after he passed the overpass.  Officer Araki testified:

> [I]nitially [Ballesteros] was weaving.  And the weaving is in itself kind of bad, because he was coming outside of his lane, and then he was driving into the shoulder.  And then when he came up toward the overpass area, you know, when I thought he was going to hit it, then he kind of swerved away from the -- the overpass area or the -- the wall and then cut back across into the right lane and then one lane over and then started weaving again, and then he started to weave into the shoulder again . . . .

At that point, Officer Araki signaled Ballesteros to pull over by turning on his flashing lights and chirping his siren.  In response, Ballesteros pulled over and came to what Officer Araki described as "a very abrupt stop."  Upon

---

[2/] The Honorable Alvin K. Nishimura presided.

approaching Ballesteros, Officer Araki smelled alcohol coming from Ballesteros' van and noticed that his eyes were red. Ballesteros agreed to perform field sobriety tests. When Ballesteros exited the van, he kept leaning on the van or other objects for balance. During the horizontal gaze nystagmus test, Ballesteros swayed with the movement of the stimulus. During Officer Araki's instructions on the walk-and-turn test, Ballesteros lost his balance and broke his stance three times and tried to start early twice. Ballesteros' heal-to-toe was wrong and his turn was incorrect. Ballesteros swayed throughout the one-leg stand test and he raised his arms instead of keeping them at his sides as he was instructed.

We conclude that Officer Araki's testimony provided substantial evidence to support the District Court's finding that Ballesteros was guilty as charged of OUVII.

II.

In support of his contention that the evidence was insufficient, Ballesteros refers to his own testimony that: (1) he swerved on the freeway because he was distracted by his cell phone lighting up to notify him of an incoming message; and (2) his poor performance on the field sobriety tests was attributable to pain from a gout condition. However, the District Court found that Ballesteros' testimony was not credible. The District Court found Ballesteros' contention that he swerved because his cell phone light went off to be "highly incredible[,]" stating: "You know, you just don't swerve like that because your cell phone goes off. And if -- and if you do, there's got to be something else wrong with you." The District Court also did not believe Ballesteros' claim that he was experiencing extreme pain from his gout, noting that Ballesteros had gone to work that day, went to visit his mentor after work, and was driving his vehicle.

"It is the province of the [trier of fact], not the appellate courts, to determine the credibility of witnesses and the weight of the evidence." State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004). Ballesteros' testimony,

3

which the District Court found was not credible, does not demonstrate that the evidence was insufficient to support his OVUII conviction.

III.

Based on the foregoing, we affirm Ballesteros' OVUII conviction and the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, September 30, 2016.

On the briefs:

Antoinette V.M. Lilley
Deputy Public Defender
Office of the Public Defender
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

4